[Cite as *Cotton v. Connor*, 2020-Ohio-1129.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| TOM COTTON | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Appellant-Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| PATRICK CONNOR, FIRE CHIEF, | : | |
| CITY OF NEWARK FIRE | : | |
| DEPARTMENT | : | Case No. 19CA0088 |
| | : | |
| Appellee-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
                            Pleas, Case No. 18CV01332



JUDGMENT:                   Affirmed



DATE OF JUDGMENT:           March 23, 2020



APPEARANCES:

For Appellant-Appellant                 For Appellee-Appellee

JAMES R. COOPER                         CAROLINE J. CLIPPINGER
33 West Main Street                     40 West Main Street
P.O. Box 4190                           Newark, OH  43055

Newark, OH  43058
*Wise, Earle, J.*

{¶ 1}   Appellant, Tom Cotton, appeals the August 12, 2019 judgment entry of the Court of Common Pleas of Licking County, Ohio, upholding the decision of the Ohio Board of Building Appeals.   Appellee is Patrick Connor, Fire Chief, City of Newark Fire Department.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   Newark Downtown Center, Inc. owns real estate in downtown Newark known as The Arcade.  Appellant is president of the corporation.  The Arcade is made up of interconnected businesses with a glass covered walkway in the center.   It covers approximately 70,000 square feet.  The Arcade is over one hundred years old and has been deemed an historical site.

{¶ 3}   On September 19, 2017, appellee issued a citation to appellant, listing forty-two violations of the Ohio Fire Code.  Appellant filed an appeal with the Ohio Board of Building Appeals (Case No. 17-0197).

{¶ 4}   On April 10, 2018, appellee issued a second citation to appellant regarding the same property, listing thirteen additional violations of the Ohio Fire Code.  Appellant filed an appeal with the Ohio Board of Building Appeals (Case No. 18-0069).

{¶ 5}   A hearing on both citations was held on October 30, 2018.  The Ohio Board of Building Appeals upheld the citations and imposed monetary penalties.

{¶ 6}   Appellant filed appeals with the Court of Common Pleas.  By judgment entry filed August 12, 2019, the trial court affirmed the decisions of the Ohio Board of Building Appeals.

{¶ 7}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 8}   "THE TRIAL COURT ERRED IN ITS JUDGMENT THAT THE AGENCY'S ORDER WAS SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW."

I

{¶ 9}   In his sole assignment of error, appellant claims the trial court erred in affirming the decisions of the Ohio Board of Building Appeals.  We disagree.

{¶ 10} R.C. 3737.42 governs citations for violation of state fire code and states the following in subsection (A):

If, upon inspection or investigation, the fire marshal, an assistant fire marshal, or a certified fire safety inspector believes that the state fire code or an associated order has been violated, the fire marshal, assistant fire marshal, or certified fire safety inspector shall, with reasonable promptness, issue a citation to the responsible person.  Each citation shall be in writing and shall describe with particularity the nature of the violation, including a reference to the provision of the state fire code or associated order alleged to have been violated.  In addition, the citation shall fix a reasonable time for the abatement of the violation.  When the citation is issued by a certified fire safety inspector or an assistant fire marshal, a copy of the citation shall be furnished to the fire marshal.

{¶ 11} The responsible person has the "right to appeal the citation and penalty, under Chapter 119. of the Revised Code, to the state board of building appeals established under section 3781.19 of the Revised Code within thirty days after receipt of the notice." R.C. 3737.43(A). In the event of an adverse ruling by the state board of building appeals, the responsible person "may appeal directly to the court of common pleas pursuant to section 3781.031 of the Revised Code." R.C. 3781.19. R.C. 3781.031(D) states in pertinent part:

The court shall not be confined to the record as certified to it by the agency but any party may produce additional evidence and the court shall hear the matter upon the record and additional evidence any party introduces. The court shall not affirm the agency's order unless the preponderance of the evidence before it supports the reasonableness and lawfulness of the order and any rule of the board of building standards upon which the order is based in its application to the particular set of facts or circumstances involved in the appeal.

{¶ 12} "The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and any additional evidence the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law." R.C. 119.12(M).

{¶ 13} As explained by our colleagues from the Eighth District in *S.R. Products v. Gerrity,* 156 Ohio App.3d 150, 154, 2004-Ohio-472, 805 N.E.2d 104, ¶ 22 (8th Dist.):

An appellate court, reviewing the judgment of the court of common pleas, considers only questions of law and does not weigh the evidence. An appellate court will not substitute its judgment for that of the administrative agency or the court of common pleas, unless this court finds that there is not a preponderance of reliable evidence to support the board's decision. *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. Within the ambit of questions of law is included whether the common pleas court abused its discretion*. Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433. To constitute an abuse of discretion, the ruling must be more than legal error; it must be unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

{¶ 14} On August 3, 2017, Newark Fire Inspector Bruce Gossett inspected the basement area of the subject property and notified appellant of numerous violations of the fire code. Inspector Gossett returned on August 25, 2017 for a re-inspection; the violations remained noncompliant. As a result, on September 19, 2017, appellee issued appellant a citation listing forty-two violations of the fire code with the attendant civil penalties, and declared the building a distinct hazard. Appellant was given three days to

complete the listed corrective measures.  At the time of the hearing on October 30, 2018, eleven violations were still outstanding.

{¶ 15} On March 23, and 26, 2018, Inspector Gossett conducted inspections of the entire building and notified appellant of numerous violations of the fire code.  Inspector Gossett returned on April 9, 2018 for a re-inspection; the violations remained noncompliant.  As a result, on April 10, 2018, appellee issued appellant a citation listing thirteen additional violations of the fire code with the attendant civil penalties.  Appellant was given seven days to complete the listed corrective measures.  At the time of the hearing on October 30, 2018, none of the thirteen violations had been corrected.

{¶ 16} During the hearing, Inspector Gossett testified to the outstanding violations. Appellant presented the testimony of Beau Bromberg, a friend who helped correct some of the violations, and Sergei Jackson, a retired professional engineer, to testify to the corrective measures taken.  Mr. Jackson was not an active certified engineer as required per the building code.  T. at 23-25.

{¶ 17} Mr. Bromberg agreed that at the time of the last inspections, outstanding violations existed, but the violations had been corrected before the hearing date "on everything except for the building maintenance."  T. at 29-34, 37-47.  Appellant and his assistant, Kelly Lowe, and Mr. Jackson also testified to the correction of some of the violations prior to the hearing date.  T. at 47-54.

{¶ 18} Inspector Gossett contested some of the alleged corrections.  T. at 59-62. He did not go out for re-inspections after issuing the citations because "[w]e were due for hearing in the meantime, and that's when we were told about the sale and continuances, and we were just ready to come to the hearing at that point."  T. at 59.  Appellant was

attempting to sell the property to someone who would come in and bring the building to code, and in fact had a buyer, but appellant would not complete the sale. T. at 7-9. Bottom line, the cited violations were not corrected as of the remedy date. T. at 62.

{¶ 19} The board of building appeals upheld the citations "upon the overwhelming evidence and testimony provided," and imposed financial penalties. In its August 12, 2019 judgment entry affirming the decision, the trial court concluded the following:

Appellant has not identified any citations he believes were erroneous or for which the Board did not have reliable, probative, and substantial evidence. Appellant does not appear [to] identify any issues of law or fact for this Court to review in his brief. The brief merely recounts that efforts were made to remedy some of the violations and that appellant and the city had been working together to make progress on the condition of the property.

"[T]he burden of showing that the decision is erroneous rests on the party contesting the decision." *C. Miller Chevrolet, Inc. v. City of Willoughby Hills,* 38 Ohio St.2d 298, 302 (1974). Appellant has not identified or demonstrated any error in the Board's decisions.

{¶ 20} We concur with the trial court's decision. Between the first inspection date of August 3, 2017, and the first citation date of September 19, 2017, appellant had forty-seven days to correct the violations. As for the second citation, appellant had fifteen days to correct the violations from the last inspection date (March 26, 2018) to the issuance of

the citation (April 10, 2018).  According to the Timeline and Summary of the Inspections outline, appellee worked with appellant from July 2017 through April 2018 to correct the fire code deficiencies on the subject property.  As of the October 30, 2018 hearing date, outstanding violations existed and some of the corrective measures were in question.  We do not find testimony from a "representative from the Building Code Enforcement for the City of Newark" was necessary.  Appellant's Brief at 6.

{¶ 21} Upon review, we find a preponderance of reliable, probative, and substantial evidence to support the trial court's decision.  The trial court did not abuse its discretion in affirming the decision of the board of building appeals.

{¶ 22} The sole assignment of error is denied.

{¶ 23} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Baldwin, J. concur.


EEW/db